Richardson, J.,
delivered the opinion of the court:
The action in which this motion is made now stands in the name of the administratrix of John Henegan, surviving partner of the firm of William & John Henegan. It is a suit upon a contract by the Henegans with the United States to furnish materials and perform the labor necessary in excavating the prism, and in constructing and finishing in every respect, in the most substantial and workmanlike manner, the embankment wall of a canal. The petition alleges breaches of this contract on the part of the defendants, for which breaches damages are claimed to the extent of #198,747.33.
The claimant has taken the deposition of two witnesses, G-. A. Jones and C. Cooper, which the Assistant Attorney-General now moves to strike out, because, as he alleges, the record shows that they are interested, and so are excluded by statute from giving evidence in favor of the claim. (Rev. Stat., § 1079.)
It appears that Jones and Cooper were copartners, and as such had furnished materials to the Henegans for carrying out their contract; that the Henegans are both dead; that at the time of their death they were indebted to said Jones and Cooper to the extent of nearly $20,000, which has never been paid, and that their estates are so badly insolvent that one of the witnesses himself swears that he does not consider their claims, in the present condition of the estates, to be worth a hundred dollars. ■
The Henegans’ estates being thus insolvent, this suit is prosecuted solely for the benefit of their creditors, and whatever may be recovered, if anything, will be applied to increase the fund, out of which these two witnesses, Jones and Cooper, may receive a dividend on the indebtedness to them.
A creditor may be a witness for or against his living debtor (.Merchants’ Exchange Co.’s Case, 15 C. Cls. R., 274.) But he cannot be a witness in favor of a claim in which he has a direct interest by reason of its belonging to the fund of an insolvent estate of a deceased person or bankrupt, out of which his own demand must be paid, if paid at all. The ruléis concisely stated in 1 Greenleaf on Evidence, § 392, upon numerous authorities therein cited, thus :
“A creditor, whether of a bankrupt or of an estate, or of any other person, is not admissible as a witness to increase or pre *157 serve the fund out of which he is entitled to be paid, or otherwise benefited. Mor is a bankrupt competent, in an action by his assignees, to prove any fact tending to increase the fund, though both he and his creditors may be witnesses to diminish the same.”
It follows from these well-settled principles that the motion of the defendants, that the depositions of Cooper and Jones be not used on the trial of this case, must prevail, and the motion is allowed accordingly.